UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60919-CIV-MARRA/JOHNSON

COURT-APPOINTED RECEIVER FOR
LANCER MANAGEMENT GROUP, LLC,
et al.
    Plaintiffs
vs.

REDWOOD FINANCIAL GROUP, INC.;
THE REDWOOD GROUP, INC.;
ROBERT D. MAUM; AND
JAMES W. RAKER

    Defendants.
_____/

## ORDER AND OPINION ON MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon the Receiver's Motion For Reconsideration of Order and Opinion Granting James W. Raker's and Robert D. Maum's Motions to Dismiss the Receiver's Complaint to Avoid and Recover Fraudulent Transfers [DE 52, reasserted in DE 80]. The Court has carefully considered the motion, response, reply, and oral argument of counsel at a hearing.

The Receiver requests that the Court reconsider its March 31, 2008 Order and Opinion Granting James W. Raker's ("Raker") and Robert D. Maum's ("Maum") Motions to Dismiss the Receiver's Complaint For Fraudulent Transfer [DE 51] (the "Order"). In the Order, the Court stated that a Plaintiff suing under the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101, *et seq.*, must show that "he has a 'claim' which qualifies him as a 'creditor' of the entity or individual

who is transferring or attempting to transfer funds to thwart the creditors' attachment." *See* Order, DE 51 at 6.  The Court then concluded that the Receiver failed to sufficiently allege standing to bring claims against the defendants under FUFTA because the Receiver, among other things, "neither identified on which specific entity's behalf he is suing as a creditor, nor has he clearly articulated the basis upon which the transferor would be a debtor." *See* Order at 7-8.  The Receiver submits that the Court committed clear error by concluding that he must allege that he is a "creditor"[1] of the entity or individual who is transferring or attempting to transfer funds in order to bring claims under FUFTA, and he urges the Court vacate the Order and reconsider the motion to dismiss.

## Standard for Reconsideration

The power to change an interlocutory ruling is within the sound discretion of a trial judge conducting his court in the interest of furthering the administration of justice.  "[T]he trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Sweeney v. Alabama Alcoholic Beverage Control Bd.,* 117 F. Supp. 2d 1266, 1268 (M.D. Ala. 2000) (quoting *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990));

---

[1] There is no disagreement that the definition of a "creditor" under FUFTA is "a person who has a claim," and a claim is defined as "a right to payment. . ."  Fla. Stat. §§ 726.102(4) and (3).

*see also Bon Air Hotel, Inc. v. Time*, 426 F.2d 858, 862 (5th Cir.1970)[2] (holding that, because a summary judgment "order was interlocutory, 'the court at any time before final decree (could) modify or rescind it' ") (quoting *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922)).  Based on the foregoing, the court exercises its discretion to reconsider its earlier conclusion in the Order.

## Discussion

The Receiver contends that in order to state a claim under FUFTA, it is sufficient if he alleges that either (i) he is bringing the claims on behalf of creditors of the Receivership Entities, or (ii) the entity on whose behalf he is suing is a creditor of the transferee.  The Receiver asserts that he need not be a creditor of the transferor.  Instead, the Receiver asserts he has standing if he is a creditor of a transferor *or* a transferee.

FUFTA was promulgated to prevent an insolvent debtor from transferring its assets out of the reach of its creditors when the debtor's intent is to hinder, delay, or defraud any of its creditors.  *See* Fla. Stat. § 726.105(1) (2006).  Put simply, if a creditor either has a claim, has brought a claim or has evinced an intent to bring a claim, the debtor cannot vitiate the claim by secreting assets available to satisfy the obligation.  Thus, the statute provides that any transfer made or obligation incurred

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See 661 F.2d 1206, 1209* (11th Cir. 1981) (en banc).

by a debtor is fraudulent as to a creditor if the debtor made the transfer or incurred the obligation to hinder or defraud the creditor or if the transfer was made without receiving "reasonably equivalent value in exchange for the transfer or obligation." *Id.*

Pursuant to the statute, for a cause of action to exist, the creditor-plaintiff must allege (1) there was a creditor sought to be defrauded, (2) a debtor intending fraud, or debtor which did not receive reasonably equivalent value in exchange for a transfer, and (3) a conveyance of property which could have been available to satisfy the debt due. *Nationsbank, N.A. v. Coastal Utils. Inc.*, 814 So.2d 1227, 1229 (Fla. Dist. Ct. App. 2002). "In section 726.108 the Act authorizes the court to grant a creditor broad relief against the transferee of a fraudulent transfer, including an injunction against further disposition of the asset or the appointment of a receiver to take charge of the asset." *Friedman v. Heart Institute of Port St. Lucie,* Inc. 863 So.2d 189, 191 (Fla. 2003).

FUFTA defines a creditor as someone who has a claim against a debtor. Fla. Stat. § 726.102(4) (2006). The term "claim" is interpreted broadly and means a right to payment, whether or not it is reduced to judgment. *Friedman v. Heart Institute of Port St. Lucie*, 863 So.2d 189, 191 (Fla. 2003). A debtor is the person liable on the claim to the creditor. § 726.102(6). An asset is defined in the statute as "the property of the debtor." § 726.102(2). A transfer means "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting

with an asset or interest in an asset ...." § 726.102(12).

Accordingly, based on the statutory definitions of the terms claim, debtor, asset, and transfer, the Court agrees with the Receiver that it would be incorrect to limit standing under FUFTA only to creditors of transferors.  Thus it appears the Court's statement, "a plaintiff suing under FUFTA must show he has a 'claim' which qualifies him as a 'creditor' of the entity or individual who is transferring or attempting to transfer funds to thwart the creditors' attachment," was too restrictive.  Assuming all of the other requirements for asserting a claim under FUFTA are met, a plaintiff may pursue a cause of action under FUFTA if he has a claim which qualifies him as a creditor of the entity or individual who has either transferred or received assets which thwarts the creditor's attachment.

Notwithstanding the foregoing conclusion, if the Receiver is claiming to be a creditor of Raker and Maum, he must plead factual allegations establishing the creditor/debtor relationship.  "FUFTA claims are only permissible when the *factual allegations* in the complaint meet the elements of the statute." *In re Wiand*, 2008 WL 818509, at *7 (M.D. Fla. Jan. 28, 2008) (emphasis in original).  The Complaint did not allege sufficient facts to support an allegation that a Receivership Entity was a creditor of Raker and Maum, that these defendants intended fraud or are debtors which did not receive reasonably equivalent value in exchange for a transfer, and a conveyance of property which could have been available to satisfy the debt due to the creditor.  Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Receiver's Motion For Reconsideration of Order and Opinion Granting James W. Raker's and Robert D. Maum's Motions to Dismiss the Receiver's Complaint to Avoid and Recover Fraudulent Transfers **[DE 52, reasserted in DE 80] is GRANTED in part and DENIED in part**.  The motion is granted to the extent that the Court acknowledges the following sentences were stated too narrowly:  "FUFTA specifically permits creditors to pursue claims against debtor-transferors," and "a plaintiff suing must show he has a 'claim' which qualifies him as a 'creditor' of the entity or individual who is transferring or attempting to transfer funds to thwart the creditors' attachment." Order at 6.  These sentences could be construed to limit standing only to a creditor of a transferor.  By virtue of this Order, the Court acknowledges that creditors of transferees may also have standing under FUFTA if the other statutory elements are met.

The motion is denied in so far as the Receiver seeks to have the Court vacate its Order and reconsider the motion to dismiss and in so far as the Receiver seeks to have the Court rule that he may assert a claim under FUFTA on behalf of creditors of the Receivership entities.  Counts I, II, and III of the Complaint are dismissed because it is unclear on which Receivership Entity's behalf the Receiver is suing as a creditor, and because there is no clearly articulated basis upon which Raker and Maum would be debtors.

The circumstances in this case are substantially similar to those in the ancillary case, *Court-Appointed Receiver et al. v. the Citco Group, LLC, et al.*, Case

No. 05-60055-CIV-MARRA, where the Court dismissed the Receiver's Second Amended Complaint, considered an identical motion for reconsideration, and rendered the same ruling as herein.  The Receiver submitted his reply in this case after that Order issued.  The Receiver indicates now that he does not object to submitting an amended complaint in conformance with the instant order.  Accordingly, in compliance with a previous Order granting the Receiver an enlargement of time to file an amended complaint, he shall do so within ten days after the date of this Order.  *See* DE 61.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of July, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record